| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------------X<br>PHILLIP MCCLOUD,<br><br>                             Plaintiff,<br><br>           -against-<br><br>JAMES DZURENDA, Sheriff; DONNA HENINGS,<br>Medical Director; DEPUTY MORALES, Badge # 3208;<br>FLOOR SERGEANT CURATOLO, DEPUTY ROMANO,<br>CORPERAL [SIC] GONZALES, NASSAU COUNTY<br>CORRECTIONAL CENTER,<br><br>                             Defendants.<br>----------------------------------------------------------------------X | For Online Publication Only<br><br><br><br><br>**ORDER**<br>20-CV-06393 (JMA)(ARL)<br><br>**FILED**<br>**CLERK**<br>3:29 pm, May 13, 2021<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

**AZRACK, United States District Judge:**

On December 30, 2020, incarcerated pro se plaintiff Phillip McCloud ("Plaintiff") commenced this action against Nassau County Sheriff James Dzurenda ("Sheriff Dzurenda"), Donna Henings, Medical Director ("Medical Director Henings"); Deputy Morales, Badge # 3208 ("Deputy Morales"); Floor Sergeant Curatolo ("Sgt. Curatolo"), Deputy Romano, Corperal [sic] Gonzales ("Corp. Gonzales"), and the Nassau County Correctional Center (the "Jail" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Plaintiff did not remit the Court's filing fee, nor did he file an application to proceed in forma pauperis when he filed the complaint. Accordingly, by Notice of Deficiency, dated January 4, 2021, plaintiff was instructed to, within fourteen (14) days, either remit the filing fee or complete and return the enclosed application to proceed in forma pauperis together with the required Prisoner Litigation Authorization form ("PLRA"). On January 13, 2021, plaintiff filed an application to proceed in forma pauperis together with the PLRA.

Upon review of the declarations accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants

Plaintiff's application to proceed in forma pauperis and sua sponte dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I. BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. According to the complaint, on November 5, 2020 at approximately 10:20 a.m., in Housing Unit E-2-B at the Jail, Plaintiff was assaulted by Corp. Gonzales and Deputy Morales. (Compl. ¶ II.) Plaintiff alleges that Corp. Gonzales sprayed his eyes with pepper spray and Deputy Morales placed him in hand and ankle restraints. (Id.) While restrained, Plaintiff alleges that two additional unidentified officers "dragged" him "along the walls of the housing" unit and when Plaintiff "push[ed] off the walls with my shoulder" the officers "brought [Plaintiff] back to the ground and their [] assault went on. I was kicked [and] punched all over my body." (Id.) Plaintiff claims that he was "kicked, punched and slapped in the face" by the officers, who held him still while "Officer Romano punched me in the chest and face and balls while Sergeat Curatolo watched and did nothing." (Id.)

As a result, Plaintiff alleges to have suffered injuries including a broken ankle, a broken tooth, a dislocated shoulder, a swollen knee, as well as head, waist, leg, and back pain. (Id. ¶ II.A.) Plaintiff alleges that he "struggle[s] to walk." (Id.) Although Plaintiff alleges that he was provided medical attention at the Jail, including stitches above his right eye and a "replacement tooth", Plaintiff complains that his requests for outside medical care were denied. (Id. at 6.)

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

Plaintiff claims that the replacement tooth "broke off" and his "tooth remains broken and is causing me much pain." (Id.) For relief, Plaintiff seeks to recover a monetary award in an unspecified sum as well as an injunction to stop the Defendants from "abusing pretrial detainees" as well as an order requiring all officers to wear name tags. (Id. ¶ III.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as

3

raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C. **Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v.

Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Rather, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 619 (2d Cir. 2020). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

1. **Section 1983 Claims Against the Jail**

Plaintiff names the Jail as a defendant. However, the Jail is a non-suable entity because it

is merely an administrative arm of the municipality, Nassau County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [ ] [and] lack the capacity to be sued."); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."). Therefore, Plaintiff's claims against the Jail are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, given Plaintiff's *pro se* status, the Court considers next whether Plaintiff has alleged a plausible Section 1983 claim when construed as against Nassau County. For the reasons that follow, he has not.

**2. Section 1983 Claim as Construed Against Nassau County**

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the pro se complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Nassau County.

**3. Claims Against Sheriff Dzurenda and Medical Director Henings**

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. Johnson, 360 F. App'x at 201. Although Plaintiff seeks to impose liability on Sheriff Dzurenda and Medical Director Henings, the complaint contains no allegations or references to either of these individuals and, accordingly, Plaintiff has not alleged a viable § 1983 claim against these defendants. Indeed, wholly absent from Plaintiff's allegations

7

are allegations of conduct or inaction attributable to these individuals. Accordingly, Plaintiff's claims against Sheriff Dzurenda and Medical Director Henings are implausible and are therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 4. Claims Against Deputy Morales, Sgt. Curatolo, Deputy Romano, and Corp. Gonzales

Though thin, the Court declines to sua sponte dismiss Plaintiff's excessive force and deliberate indifference claims against Deputy Morales, Sgt. Curatolo, Deputy Romano, and Corp. Gonzales at this early stage in the proceedings. Accordingly, the Court orders that the Clerk of the Court issue summonses for each of these defendants and to forward the summonses, together with copies of the complaint and this Order, to the United States Marshal Service for the Eastern District of New York ("USMS") for service upon Deputy Morales, Sgt. Curatolo, Deputy Romano, and Corp. Gonzales forthwith.

### III. CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed *in forma pauperis* is granted. However, Plaintiff's complaint is dismissed *sua sponte* as against the Jail, Sheriff Dzurenda, and Medical Director Henings pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Plaintiff's remaining claims against Deputy Morales, Sgt. Curatolo, Deputy Romano, and Corp. Gonzales shall proceed. Accordingly, the Court Orders service by the USMS forthwith as set forth herein.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**     ____/s/ (JMA)_____
                                                        Joan M. Azrack
Dated: May 13, 2021                     United States District Judge
           Central Islip, New York